IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: ) | |
| ) | |
| MANHATTAN STUDENT HOUSING, LLC ) | Case No. 22-20010 |
| ) | |
| Debtor ) | |

### EMERGENCY MOTION FOR USE OF CASH COLLATERAL AND REQUEST FOR IMMEDIATE HEARING

COMES NOW the Debtor Manhattan Student Housing, LLC, by and through its attorneys, and moves the Court for authority to use cash collateral, and in support thereof states as follows:

1. Debtor filed its Petition for Relief under Chapter 11 of the Bankruptcy Code on January 10, 2022.

2. No trustee has been appointed, and Debtor has remained in possession of the property of its estate as a Debtor-In-Possession. The Debtor operates housing for students in the Pi Kappa Alpha fraternity at the Kansas State University campus. The real estate and business are located in Manhattan, Kansas.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. Sections 157 and 1334. Venue is proper pursuant to 28 U.S.C. Sections1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2). Debtor files this Motion and requests relief herein pursuant to 11 U.S.C. Section 363(c)(2).

4. Central National Bank ("CNB") has asserted a perfected first security interest in all cash, cash equivalents, and accounts generated by Debtor's business ("Cash Collateral").

5. Debtor seeks (i) an interim Order of the Court authorizing it to use Cash Collateral for payment of the normal and necessary expenses of its business, pending an

evidentiary hearing, if necessary, if an objection to the Motion is filed, and (ii) a further Order of the Court authorizing Debtor's continued use of Cash Collateral until the Plan of Reorganization is confirmed, and reserving to Debtor the right to seek a further extension of such Order.

6. Use of the Cash Collateral is essential to the continued business operations and the reorganization of Debtor. Absent authorization to use the Cash Collateral, Debtor will suffer irreparable harm and will be forced to cease its business operations, to the detriment of the Secured Creditors and all other creditors.

7. Debtor shall not use the Cash Collateral to pay prepetition interest or principal on any existing indebtedness other than as ordered by the Court.

8. Prior to the commencement of this case, CNB offset $25,000 from Debtor's bank account on 12/22/21 and $4,712.50 on 12/20/21 for a total of $29,712.50. These funds are necessary for the on-going operation of the Debtor's business. As an example of on-going expenses, Debtor provides food service to the students who reside in Debtor's property. The independent contracting service Greek House Chefs and the Debtor have entered into an executory contract. Greek House Chefs provides the food, provides the cooks to prepare the meals, serves the meals and cleans up the kitchen. The Debtor paid Greek House Chefs $20,866.40 for four months in the fall semester 2021 and will then pay $20,866.40 for four months in the spring 2022 semester. The Debtor presently owes the January installment. Other on-going expenses include insurance and utilities.

9. Further, prior to the filing of this bankruptcy, CNB sent a demand letter to the Pi Kappa Alpha fraternity President directing that all future rent payments be paid to the bank and not to the Debtor. Debtor seeks an Order that allows Debtor to collect its rents so that it can pay its on-going monthly obligations.

10.     Attached hereto as Exhibit A is Debtor's estimated monthly budget of income and expenditures which are projected for 2022, and which should be a good reflection of the Debtor's activity for the entire year.  The budget confirms that, with the cash on hand, the Debtor is able to cash flow its business operation through the period requested.  ***The Debtor would propose that it not pay CNB for the months of January, February and March, 2022 as the value of the Debtor's assets that are pledged to CNB far exceed the balance owed to CNB.  CNB is more than adequately protected with the collateral.*** The majority of the value of collateral is in the Debtor's real estate and does not depreciate or diminish as would inventory or other personal property.

11.     Debtor shall make monthly reports to the Court and to CNB along with copies of bank statements that reflect all income received and expenses paid.

12.     CNB shall be granted replacement liens, as its interests appear, on all of the proceeds and replacements of the Cash Collateral.

13.     Debtor's counsel requests a carve-out of her retainer of $15,000, plus any further sums approved by the Court as attorneys' fees and expenses for the Debtor's counsel.

WHEREFORE, Debtor prays for an interim Order of the Court authorizing it to use its cash collateral for payment of the normal and necessary expenses of its business, according to the attached budget, pending an evidentiary hearing; for a further Order of the Court authorizing Debtor's continued use of Cash Collateral until the Plan of Reorganization is confirmed, directing CNB to turnover the $29,712.50 that was seized and set off immediately prior to the filing of this bankruptcy, directing the fraternity President to notify all residents that they should pay the monthly rent to the Debtor; and to set an immediate hearing on the within Motion; and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

KRIGEL & KRIGEL, P.C.

/s/ Erlene W. Krigel
Erlene W. Krigel KS 70425
4520 Main Street, Suite 700
Kansas City, Missouri 64111
Telephone: (816) 756-5800
Facsimile: (816) 756-1999
ATTORNEYS FOR DEBTOR

CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2022, a copy of the foregoing was mailed, either electronically or by U. S. Postal Service, postage prepaid, to all persons requesting notice through the Court's ECF noticing system, to all creditors on the Court's mailing matrix as of 1/11/22, which includes counsel for Central National Bank.

/s/ Erlene W. Krigel
Erlene W. Krigel

4